1 | BARRY J. PORTMAN
2 | Federal Public Defender
  | STEVEN G. KALAR
3 | Assistant Federal Public Defender
  | 450 Golden Gate Avenue
4 | San Francisco, CA 94102
5 | Telephone: (415) 436-7700

6 | Counsel for Defendant Linda Ashiegbu

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 07-0654 CRB |
|---|---|
| Plaintiff, | ) DEFENDANT'S REPLY RE: MOTIONS TO SUPPRESS FRUITS OF AN UNLAWFUL SEARCH, AND STATEMENTS ELICITED DURING A CUSTODIAL INTERROGATION |
| v. | |
| LINDA ASHIEGBU and EMMANUEL ANYANWU, | |
| Defendants. | |
| | **Hearing Date**: Wednesday, June 11, 2008 at 2:15 p.m. |
| | **Evidentiary Hearing Requested** |

*Ashiegbu*, CR 07-0654 CRB
DEF. REPLY, MOT.
SUPPRESS FRUITS & STATEMENTS

**Table of Contents**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   Disputed Issues of Fact Require an Evidentiary Hearing . . . . . . . . . . . . . . . . . . . . 2

II.  Andrew Ashiegbu May Join the Rule 41 Motion . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. Any Conflict of Interest Relating to Mr. Vaughns Should be Resolved Before the
     Evidentiary Hearing is Set . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Table of Authorities

### Federal Cases

*United States v. Madoch*, 149 F.3d 596 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Moran-Garcia*, 783 F. Supp. 1266 (S.D. Cal. 1991) . . . . . . . . . . . . . . . 3

*United States v. Ramirez-Garcia*, 269 F.3d 945 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . 3

*United States v. Robert Wayne Smith*,
    2008 WL. 1912512 (9th Cir. Apr. 29, 2008) (mem.) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Walczak*, 783 F.2d 852 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Wardlow*, 951 F.2d 1115 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 3

### Federal Rules

Federal Rule of Criminal Procedure 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

N.D. Cal. Crim. L. Rule 47-2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1 BARRY J. PORTMAN
Federal Public Defender
2 STEVEN G. KALAR
3 Assistant Federal Public Defender
450 Golden Gate Avenue
4 San Francisco, CA 94102
5 Telephone: (415) 436-7700

6 Counsel for Defendant Linda Ashiegbu

8 IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 07-0654 CRB |
|---|---|
| Plaintiff, | ) DEFENDANT'S REPLY RE: MOTIONS TO SUPPRESS |
| v. | ) FRUITS OF AN UNLAWFUL SEARCH, AND |
| LINDA ASHIEGBU and EMMANUEL ANYANWU, | ) STATEMENTS ELICITED DURING A CUSTODIAL INTERROGATION |
| Defendants. | ) **Hearing Date**: Wednesday, June 11, 2008 at 2:15 p.m. |
| | **Evidentiary Hearing Requested** |

**Introduction**

In its Opposition, the government contests the factual allegations of Mr. and Mrs. Ashiegbu offered in support of the motion to suppress the fruits of an unlawful search, and motion to suppress statements.

This Court can only resolve these factual discrepancies – and rule on the pending motions – after conducting an evidentiary hearing and making credibility findings.

**Discussion**

After the government's Opposition, there are three issues for this Court at the June 11th hearing:

1. Must the Court conduct an evidentiary hearing to resolve the two pending motions?

2. Does Andrew Ashiegbu have standing to join in either of these motions?

3. Does Mr. Vaughns' representation of Andrew Ashiegbu create a conflict that requires either waivers from the defendants, or the appointment of new counsel?

The defense addresses each of these issues in turn.

**I.     Disputed Issues of Fact Require an Evidentiary Hearing**

The Ninth Circuit has, on occasion, tolerated a district court's decision to rule on a defense motion without conducting an evidentiary hearing. *See, e.g., United States v. Robert Wayne Smith*, 2008 WL 1912512 (9th Cir. Apr. 29, 2008) (mem.). The present case, however, is not one where a decision on the papers is possible.

As conceded by AUSA Danner, "The government . . . . agrees with Linda Ashiegbu that an evidentiary hearing is warranted if this Court will have the opportunity to make just such an evaluation of credibility and demeanor [by observing Ms. Ashiegbu testimony]." *Gov't Opp.* at 10:16-19. The government prudently does not contend that these motions are amenable to resolution on the memoranda and declarations alone.

Both parties have discussed in their memoranda the Seventh Circuit's decision in *United States v. Madoch*, 149 F.3d 596, 601 (7th Cir. 1998).[1] In *Madoch*, the Court of

---

[1] Undersigned counsel erroneously referred to *Madoch* in the moving papers as a Ninth Circuit case. *See Def. Mot.* at 11:2; 12. In fact, as the government correctly notes, *Madoch* is a **Seventh** Circuit decision. *See Gov't Opp.* at 10:11.

Undersigned counsel apologizes for this error and for any confusion that it caused for the Court or the government.

1  Appeals reversed when the district court failed to conduct an evidentiary hearing and
2  evaluate the defendant's factual assertions offered in support of her motion. ("[W]e
3  conclude it was plain error for the district court to have resolved the suppression issue
4  without an evidentiary hearing . . . Without an evidentiary hearing to consider credibility
5  and demeanor, the district court in this case could not properly resolve the conflict
6  between [the defendant's] account of the agents' behavior in her home and that of the
7  government, which paints a far more benign picture of the encounter.") *Id.* at 601. The
8  reasoning of the Seventh Circuit's decision in *Madoch* is persuasive, and applies with
9  equal force in the present case.
10         Ninth Circuit authority is in accord. Ms. Ashiegbu has submitted a declaration in
11 support of her motions, in accordance with local rules. *See United States v. Wardlow*, 951
12 F.2d 1115 (9th Cir. 1991) (upholding denial of suppression motion when no declaration
13 was attached to defendant's moving papers); *see also* N.D. Cal. Crim. L. Rule 47-2(b)
14 ("Motions presenting issues of fact shall be supported by affidavits or declarations which
15 shall comply with the requirements of Civil L.R. 7-5.") Mrs. Ashiegbu's moving papers
16 "allege facts which are sufficiently definite, clear, and specific to enable the trial court to
17 conclude that contested issues of fact exist." *United States v. Ramirez-Garcia*, 269 F.3d
18 945, 947 (9th Cir. 2001) (ord. & opinion). Accordingly, "[a]n evidentiary hearing must be
19 held." *Id.; see also United States v. Walczak*, 783 F.2d 852, 856 (9th Cir. 1986) ("An
20 evidentiary hearing on a motion to suppress ordinarily is required if the moving papers
21 are sufficiently definite, specific, detailed, and nonconjectural to enable the court to
22 conclude that contested issues of fact going to the validity of the search are in issue.");
23 *United States v. Moran-Garcia*, 783 F. Supp 1266 (S.D. Cal. 1991) (surveying Ninth
24 Circuit authority on showings required to trigger evidentiary hearings and discussing
25 various local rules specifying these showings).
26 //
27 //
28 //

**II.     Andrew Ashiegbu May Join the Rule 41 Motion**

Mrs. Linda Ashiegbu has brought two motions to suppress. The first is a motion to suppress the fruits of an unlawful search. The basis of that motion is the agents' failure to provide the warrant to the Ashiegbus before initiating the search, in violation of Federal Rule of Criminal Procedure 41.

The second is a motion to suppress Mrs. Ashiegbu's statements, elicited during an un-*Mirandized* custodial interrogation.

It was undersigned counsel's understanding that Andrew Ashiegbu sought to join in the first motion, seeking suppression under Rule 41. It was anticipated that Mr. Vaughns would file a joinder on behalf of his client as to that motion. It was not anticipated that Andrew Ashiegbu would be joining in the motion to suppress his wife's statements.

Undersigned counsel will defer to Mr. Vaughns to clarify at the hearing on June 11th whether his client, Andrew Ashiegbu, joins Mrs. Ashiegbu's Rule 41 motion.

**III.    Any Conflict of Interest Relating to Mr. Vaughns Should be Resolved Before the Evidentiary Hearing is Set**

The government spends much of its Opposition exploring what it characterizes as Mr. Vaughns's "potential conflict of interest that could adversely affect his representation of Andrew Ashiegbu." *Gov't Opp.* at 10:23-27.

Mrs. Ashiegbu (and undersigned counsel) play no part in this alleged conflict issue, and will defer to Mr. Ashiegbu, Mr. Vaughns, the government, and the Court as to how this issue is resolved (if it is, in fact, an issue). Three facts, however, bear emphasis in this inquiry.

First, it should be noted that Mrs. Linda Ashiegbu has not asserted a conflict and has not sought to preclude Mr. Vaughns's representation of her husband. To the contrary, the Ashiegbus respect and trust Mr. Vaughns, and are anxious that he remain in the case.

Second, Andrew Ashiegbu and Linda Ashiegbu are not co-defendants. Indeed, they are not even charged in joined cases. Mr. Ashiegbu only finds himself before this

DEF. REPLY, MOT.
SUPPRESS FRUITS & STATEMENTS                4

1  Court – instead of Judge Illston – because the government filed a notice of related case in
2  October of 2007. The government has consistently (and correctly) maintained that the
3  *Linda Ashiegbu / Emmanuel Anyanwu* trial will proceed separately from the *Doris
4  Anyanwu / Andrew Ashiegbu* trial.
5     Third, without conceding that a conflict exists, Mrs. Ashiegbu agrees with the
6  government that if the Court intends to address this issue it should do so before the
7  evidentiary hearing on her motions is set. With Mr. Vaughns' permission, Andrew
8  Ashiegbu has submitted a declaration on behalf of himself and his wife in the Rule 41
9  motion now pending before this Court. If the conflict issue needs resolution, it should be
10 addressed before Andrew Ashiegbu is called to testify about that declaration in the
11 evidentiary hearing.

**Conclusion**

14    For the foregoing reasons, if the Court intends to inquire as to a potential conflict it
15 should do so at the June 11th hearing, or should schedule an *in camera* proceeding for
16 that inquiry. After the conflict issue is resolved, the Court should set an evidentiary
17 hearing on Mrs. Ashiegbu's motions to suppress evidence and her statements.

Respectfully submitted,

June 4, 2008                          BARRY J. PORTMAN
DATED                                 Federal Public Defender
                                      Northern District of California

                                      /s

                                      STEVEN G. KALAR
                                      Assistant Federal Public Defender

*Ashiegbu*, CR 07-0654 CRB
DEF. REPLY, MOT.
SUPPRESS FRUITS & STATEMENTS        5