**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                              IN THE UNITED STATES DISTRICT COURT
9                           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,                    No. CR 07-0654 CRB
12                 Plaintiff,                      **JURY INSTRUCTIONS**
13        v.
14   LINDA ASHIEGBU,
15                 Defendant.
16   _____/
17
18
19
20
21
22   DATED: October 14, 2008
                                               _____
23                                             CHARLES R. BREYER
                                               UNITED STATES DISTRICT JUDGE
24
25
26
27
28

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendant, Linda Ashiegbu, has pleaded not guilty to each Count charged in the indictment.  Ms. Ashiegbu is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of a Count beyond a reasonable doubt.

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that Ms. Ashiegbu is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Ms. Ashiegbu is guilty, it is your duty to find Ms. Ashiegbu not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Ms. Ashiegbu is guilty, it is your duty to find Ms. Ashiegbu guilty.

**DEFENDANT'S DECISION NOT TO TESTIFY**


A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that Ms. Ashiegbu did not testify.

**United States District Court**
For the Northern District of California

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

**United States District Court**
For the Northern District of California

# STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**United States District Court**
For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**
For the Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

**STATEMENTS BY DEFENDANT**

2

3      You have heard testimony that Ms. Ashiegbu made certain statements.  It is for you to

4  decide (1) whether Ms. Ashiegbu made the statement, and (2) if so, how much weight to give

5  to it. In making those decisions, you should consider all of the evidence about the statement,

6  including the circumstances under which Ms. Ashiegbu may have made it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SEPARATE CONSIDERATION OF MULTIPLE CHARGES—
## SINGLE DEFENDANT

Two separate crimes are charged against Ms. Ashiegbu.  You must decide each charge separately.  Your verdict on one charge should not control your verdict on the other charge.

# OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
For the Northern District of California

# CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**United States District Court**
For the Northern District of California

**FRAUD—FALSE STATEMENT ON IMMIGRATION DOCUMENT**

Ms. Ashiegbu is charged with making a false statement on an immigration document in violation of Section 1546(a) of Title 18 of the United States Code.  In order for Ms. Ashiegbu to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about February 20, 2007, Ms. Ashiegbu made or subscribed as true at least one false statement in an affidavit of support, with all of you agreeing on the particular false statement that was made or subscribed as true.

Second, Ms. Ashiegbu acted with knowledge that the statement was untrue;

Third, the statement was material to the United States Citizenship and Immigration Service's activities or decisions;

Fourth, the statement was made under oath or penalty of perjury; and

Fifth, the statement was made on an application, affidavit, or other document required by immigration laws or regulations prescribed thereunder.

A statement is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed.  It need not have actually influenced the decisionmaking body in order to meet the materiality requirement.

**United States District Court**
For the Northern District of California

# AIDING AND ABETTING

Ms. Ashiegbu may be found guilty of the charge of making a false statement on an immigration document even if she personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove Ms. Ashiegbu guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of making a false statement in an affidavit of support on or about February 20, 2007 was committed by someone;

Second, Ms. Ashiegbu knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of making a false statement on an immigration document; and

Third, Ms. Ashiegbu acted before the crime was completed.

It is not enough that Ms. Ashiegbu merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that Ms. Ashiegbu acted with the knowledge and intention of helping that person commit the crime of making a false statement on an immigration document.

In order for you to find that Ms. Ashiegbu is guilty of making a false statement on an immigration document as an aider and abettor, the government is not required to prove precisely which person actually committed the crime.

1

**"WITH KNOWLEDGE" and "KNOWINGLY" — DEFINED**

2

3

An act is done "with knowledge" or "knowingly" if the defendant is aware of the act

and does not act or fail to act through ignorance, mistake, or accident.  The government is not

required to prove that the defendant knew that her acts or omissions were unlawful. You may

consider evidence of the defendant's words, acts, or omissions, along with all the other

evidence, in deciding whether the defendant acted with knowledge.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**FALSE STATEMENTS--AUTHORIZATION**

The government contends that one of the false statements in the affidavit of support dated February 20, 2007 is Ms. Mays' signature.  If Kevina Mays authorized Ms. Ashiegbu to sign forms submitted to the United States Citizenship and Immigration Service on Ms. Mays' behalf,  Ms. Mays' authorization is a defense to the charge that Mrs. Ashiegbu knowingly made a false statement on the affidavit of support dated February 20, 2007 by signing Ms. Mays' name on the document.

The government has the burden of proving beyond a reasonable doubt that Ms. Mays did not authorize Mrs. Ashiegbu to sign Ms. Mays' name to the affidavit of support dated February 20, 2007.  If you find that the government has failed to prove beyond a reasonable doubt that Ms. Mays did not authorize Mrs. Ashiegbu to sign her name, you cannot return a guilty verdict as to the charge of making a false statement on the affidavit of support dated February 20, 2007 based on the false statement being Ms. Ashiegbu's signing of Ms. Mays' name.

**CONSPIRACY—ELEMENTS**

Ms. Ashiegbu is also charged with conspiring to make false statements to an agency of the United States in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 22, 2004, and ending on or about June 6, 2007, there was an agreement between two or more persons to knowingly and willfully make material false statements to the United States Citizenship and Immigration Service, an agency of the United States, in violation of 18 U.S.C. Section 1001;

Second, Ms. Ashiegbu became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways,

or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that Ms. Ashiegbu personally did one of the overt acts.

## FALSE STATEMENTS TO A GOVERNMENT AGENCY
## 18 U.S.C. SECTION 1001—DEFINED

As just explained, Ms. Ashiegbu is charged with conspiring to make false statements to the United States Citizenship and Immigration Service, an agency of the United States.  A person makes a false statement to the United States Citizenship and Immigration Service if:

(1) the person made a false statement or used a writing which contained a false statement in a matter within the jurisdiction of the United States Citizenship and Immigration Service;

(2) the person acted willfully, that is deliberately and with knowledge that the statement was untrue; and

(3) the statement was material to the United States Citizenship and Immigration Service's activities or decisions.

A statement is material if it has a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

United States District Court
For the Northern District of California

**CONSPIRACY—KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

**United States District Court**
For the Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

United States District Court
For the Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of Ms. Ashiegbu until after you have reached a unanimous verdict or have been discharged.

**United States District Court**
For the Northern District of California